Alivia Blount
GENERAL DELIVERY
SANTA BARBARA, CA 93102-9999
+49 - 151 - 5566 - 9810

N/S/I

Alivia Blount, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
4/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    RYO    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

2:25-cv-03359-AB(SKx)

| | |
|---|---|
| ALAMEDA COUNTY, | Case No. UNASSIGNED - INITIATING DOCUMENT |
| Plaintiff, | COMPLAINT FOR VIOLATION OF THE RACKETEER |
| vs. | INFLUENCED AND CORRUPT ORGANIZATIONS ACT |
| CONTRA COSTA COUNTY FAMILY COURT, | (RICO) (18 U.S.C. § 1962(c)) |
| CONTRA COSTA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| JUDGE GINA DASHMAN (official capacity), | |
| ALVIN SOSA (individual capacity), | |
| VIOLET SOSA (individual capacity), | |
| DefendantS | |

INTRODUCTION

1. Plaintiff Alivia Blount brings this action for damages and injunctive relief under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., arising from Defendants' coordinated actions that resulted in financial, emotional, and constitutional injury to Plaintiff.

- 1 -
COMPLAINT FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT
ORGANIZATIONS ACT (RICO) (18 U.S.C. § 1962(c))

2. Defendants participated in an enterprise engaging in a pattern of racketeering activity including fraud, extortion, obstruction of justice, and misuse of child support funds.

PARTIES

3. Plaintiff Alivia Blount is a United States citizen and resident of California.

4. Defendant Contra Costa County Family Court is a state entity operating in California.

5. Defendant Contra Costa County Department of Child Support Services is a governmental agency operating in California.

6. Defendant Judge Gina Dashman is sued in her official capacity for prospective injunctive relief.

7. Defendant Alvin Sosa is an individual residing in California.

8. Defendant Violet Sosa is an individual residing in California.

9. Defendants Other Family Law Judges are sued in their official capacities for prospective injunctive relief.

JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964(c) (civil RICO).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all events giving rise to these claims occurred in this District.

STATEMENT OF FACTS

12. In 2019, Defendants Alvin Sosa and Violet Sosa knowingly submitted false allegations to the Contra Costa Family Court, claiming Plaintiff committed acts of violence against her own mother.

13. These claims were fabricated. Plaintiff's mother, Marion Owens, provided a sworn declaration under penalty of perjury stating the alleged assault never occurred.

14. Despite this exculpatory evidence, Contra Costa Family Court accepted the false narrative, depriving Plaintiff of custody rights without just cause.

15. Following the fraudulent loss of custody, Alvin Sosa and Violet Sosa obtained child support payments, which were used to pay for Violet Sosa's mortgage on a property in Florida, rather than for the benefit of the minor child.

16. Plaintiff was compelled to work 40 hours per week under threat of wage garnishment, despite having no custodial rights.

17. Plaintiff's wages were garnished unlawfully, causing direct financial injury.

18. Defendant Alvin Sosa failed to comply with court-ordered supervised visitation intake requirements.

19. Despite clear evidence of Defendant Alvin Sosa's refusal to obey court orders, Contra Costa Family Court and presiding judges failed to enforce compliance, thus obstructing justice.

20. The Court ignored multiple declarations and evidence submitted by Plaintiff showing Defendant Sosa's noncompliance and falsehoods.

21. Plaintiff's relationship with her daughter has been severely disrupted, causing emotional distress to both parties.

22. Plaintiff's mental fitness has been affirmed by a licensed therapist, confirming that any claims of mental instability were baseless and fraudulent.

CAUSE OF ACTION

Violation of RICO, 18 U.S.C. § 1962(c)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. Defendants formed an association-in-fact enterprise with the common purpose of unlawfully depriving Plaintiff of parental rights, securing child support payments, and misappropriating said payments.

25. Defendants committed multiple predicate acts of racketeering activity, including:

- Fraud: Submitting false evidence to the court to unlawfully obtain custody and financial support.

- Extortion: Coercing Plaintiff into mandatory labor and wage garnishment under false pretenses.

- Obstruction of Justice: Court officers' knowing failure to act upon evidence of perjury and noncompliance with court orders.

- Misuse of Funds: Diverting child support payments to personal mortgage obligations.

26. Plaintiff suffered injury to her business and property, including wage garnishment, legal expenses, and loss of familial relations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award damages in an amount no less than Five Hundred Million Dollars ($500,000,000), trebled pursuant to 18 U.S.C. § 1964(c);

2. Award reasonable attorneys' fees and costs of suit pursuant to 18 U.S.C. § 1964(c);

3. Grant injunctive relief prohibiting Defendants from continuing the unlawful practices described herein;

4. Grant any other relief the Court deems just and proper.

VERIFICATION STATEMENT

I declare, under penalty of perjury under the laws of California, that the foregoing answers are true and correct.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing opposition was served on 4/13/25.

DATED: APRIL 13, 2025

*ALIVIA BLOUNT*
ALIVIA BLOUNT
In Pro Per

- 5 -
COMPLAINT FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. § 1962(c))